UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UMMA DUMMA, : | |
| : | Civil No. 17-1434 (RBK) |
| Petitioner, : | |
| : | |
| v. : | **MEMORANDUM AND ORDER** |
| : | |
| LEON A. WINGATE, et al., : | |
| : | |
| Respondents. : | |

Petitioner, Umma Dumma, is a state prisoner currently confined at the New Jersey State Prison in Trenton, New Jersey. He brings this habeas corpus action seeking to vacate his state prison term. Previously, this matter was administratively terminated as petitioner failed to pay the filing fee or submit an application to proceed *in forma pauperis*. Subsequently, petitioner paid the filing fee. Therefore, the Clerk will be ordered to reopen this case.

The Clerk initially construed the habeas petition as one filed pursuant to 28 U.S.C. § 2241. However, as a state prisoner seeking to vacate his prison term, this action is more appropriately brought as a 28 U.S.C. § 2254. *See, e.g.*, *Washington v. Sobina*, 509 F.3d 613, 618 n.5 (3d Cir. 2007) ("[A] state prisoner challenging the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 rather than § 2241.") (citing *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001)); Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a). Petitioner did not use the habeas form supplied by the Clerk for section 2254 petitions, *i.e.*, AO 241 (modified): DNJ-Habeas-008 (Rev.01-2014). Accordingly, this matter will be re-administratively terminated.

Petitioner also appears to raise claims related to his conditions of confinement and medical care in his filing. Indeed, he complains about the treatment he suffered from at the hands of others when he was transported to St. Francis Hospital on January 30, 2017. (*See* Dkt. No. 1 at p. 5) Furthermore, he complains about the medical treatment he received (or lack thereof) at the hospital. (*See id.* at p.6)

Such conditions-of-confinement and medical care claims are appropriately brought in a civil rights action under 42 U.S.C. § 1983, not as a supplement to a habeas petition. *See Woodruff v. Williamson*, 362 F. App'x 263, 266-66 (3d Cir. 2010); *see also Learner v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]henever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge, however, denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement, such that a finding in plaintiff's failure would not alter his sentence or undo his conviction, [a civil rights action] is appropriate.").

Accordingly, this Court will dismiss petitioner's conditions-of-confinement and medical care claims. *See Brown v. Warden Lewisburg USP*, 601 F. App'x 85, 86 (3d Cir. 2015) (finding district court properly dismissed habeas petition where petitioner raised claims associated with his conditions of confinement since they are not cognizable habeas claims). This dismissal is without prejudice to the assertion of such claims in a properly filed § 1983 action should petitioner elect to file one.

Therefore, IT IS this   10th   day of July, 2017,

ORDERED that the Clerk shall reopen this case; and it is further

ORDERED that petitioner's conditions-of-confinement and medical care claims are dismissed without prejudice because they are not properly before this Court in this habeas action; petitioner may seek to refile such claims in a separately filed civil rights action if he elects to do so; and it is further

ORDERED that the Clerk of the Court shall re-administratively terminate this case; petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); and it is further

ORDERED that the Clerk's service of the blank habeas petition form shall not be construed as this Court's finding that the original petition is or is not timely, or that petitioner's claims are or are not duly exhausted; and it is further

ORDERED that if petitioner wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Room 1050, Camden, New Jersey, 08101, within thirty (30) days of the date of entry of this memorandum and order; petitioner's writing shall include a complete signed habeas petition on the appropriate form; and it is further

ORDERED that upon receipt of a writing from petitioner stating that he wishes to reopen this case and a complete signed petition, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve upon petitioner by regular U.S. mail: (1) a copy of this memorandum and order; and (2) a blank habeas petition form—AO 241 (modified): DNJ-Habeas-008 (Rev.01-2014).

s/Robert B. Kugler<br>
ROBERT B. KUGLER<br>
United States District Judge